NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-474 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00531-PA-1 |
| v. | MEMORANDUM[*] |
| DON WILLIAM JACKSON, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 26, 2024[**]

Before:     TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Don William Jackson appeals from the district court's judgment and challenges the 60-month sentence imposed upon the fourth revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jackson contends that the district court procedurally erred by failing to consider or address his mitigating arguments concerning his personal circumstances, employment and criminal history, letters of support from family and friends, and addiction issues. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The record reflects that the district court considered Jackson's mitigating arguments and explained that the within-Guidelines sentence was warranted in light of Jackson's repeated violations and breaches of the court's trust, his failure to take advantage of the support offered to him, his ongoing criminal behavior, and the danger he poses to himself and the public. Contrary to Jackson's argument, this explanation is sufficient to allow for meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, Jackson has not shown a reasonable probability that the district court would have imposed a lower sentence had it more explicitly weighed Jackson's mitigating arguments against the aggravating circumstances it cited. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**